Filed 8/8/23  P. v. Souvannavong CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081511 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD165933) |
| MICHAEL JAMES SOUVANNAVONG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed; remanded with directions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Alan L. Amann, and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Michael James Souvannavong appeals a postjudgment order denying his petition for resentencing under Penal Code[1] section 1172.6.[2]

In 2003, the trial court, after a bench trial, convicted Souvannavong of second degree murder (§ 187, subd. (a)) of a rival gang member for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  Souvannavong filed a resentencing petition in 2022 pursuant to section 1172.6.  The trial court denied the petition finding that Souvannavong had not established a prima facie showing of eligibility under section 1172.6 because he was the actual killer.  We conclude there was no portion of the record of conviction before the court that allowed it to determine Souvannavong was the actual killer as a matter of law.  Accordingly, we reverse the order.

FACTUAL AND PROCEDURE BACKGROUND[3]

On October 28, 2000, a fight between two gangs, the Oriental Killer Boyz (O.K.B.) and the Cripville Crip (C.V.C.), broke out at a 15-year-old girl's party.  During the fight, a member of O.K.B stabbed a member of C.V.C. to death.  Approximately one year later, the police contacted Souvannavong, a documented member of O.K.B., based on information received from other participants in the fight.  Souvannavong agreed to an interview at a police station.  During the interview, Souvannavong's story changed.  Initially, he

_____

[1]    Statutory references are to the Penal Code unless otherwise specified.

[2]    Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

[3]    We summarize the factual background from our previous opinion in Souvannavong's direct appeal.  (See *People v. Souvannavong* (Oct. 22, 2004, D042456 [nonpub. opn.].)  This factual summary is recited for the limited purpose of providing context to Souvannavong's criminal conviction.  We otherwise do not rely on those facts for our analysis here.

denied being at the party. After admitting he had been at the party, he then denied having a knife. While he was still denying that he had a knife, the police officers told him that they could not make him talk and that he was there at his own request. When confronted with statements of others who said that he did have a knife, Souvannavong eventually conceded he did have a knife. When questioned further, Souvannavong conceded stabbing the victim but only accidentally while he struggled with the victim and an acquaintance of the victim. Souvannavong repeatedly stated that he did not intend to stab the victim. The People charged Souvannavong with murder (§ 187, subd. (a); count 1) and assault with a deadly weapon and with force likely to cause great bodily injury (§ 245, subd. (a)(1); count 2). At trial, the court denied Souvannavong's motion to suppress the statement made during the police interview. Souvannavong waived his right to a jury. Participants in the fight and police officers testified. A medical examiner testified that the victim had suffered a six-inch deep wound to his chest, which the examiner did not believe was the result of an accident.

On May 30, 2003, the court convicted Souvannavong of second degree murder (§ 187, subd. (a)) and found true an allegation that Souvannavong committed the crime for the benefit of, at the direction of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)). The court acquitted Souvannavong on the assault charge and subsequently sentenced Souvannavong to an indeterminate term of 15 years to life on the murder conviction and a consecutive determinate term of 10 years on the gang enhancement.

On appeal, this court, in an unpublished opinion, affirmed the judgment but replaced the 10-year consecutive sentence with a 15-year parole ineligibility, because a gang finding will not support a 10-year consecutive

3

sentence when the underlying sentence is an indeterminate sentence. (See *People v. Souvannavong*, *supra*, D042456.)

On May 11, 2022, Souvannavong filed a petition for resentencing under section 1172.6. The prosecution contended that the record of conviction conclusively established Souvannavong was the actual killer and thus was ineligible for relief under section 1172.6. However, the prosecution did not identify what portions of the record of conviction supported its position.

The trial court found Souvannavong had not demonstrated a prima facie showing of eligibility under section 1172.6 and denied the petition, finding the record of conviction established he actually stabbed the victim. The court explained:

> "Having read the pleadings, the court record establishes that petitioner was involved in the actual stabbing of the victim. During the questioning by police, petitioner admitted he had accidentally knifed the victim. He claimed that he did not intentionally stab the victim.
>
> "In the case, petitioner was not convicted of murder under a theory set forth in Penal Code section 1172.6[, subdivision (a)]. Petitioner was the actual killer. Petitioner attempted to argue the stabbing was accidental. However, that does not provide petitioner with relief in the petition nor the right to a resentencing. Petitioner was the one who stabbed the victim. His criminal liability in the murder was not based on the murder being imputed to him or on him based on the actions of another perpetrator.
>
> "Petitioner has not made the necessary prima facie showing for relief, and the petition is denied."

Souvannavong timely appealed.

4

## DISCUSSION

### A. Guiding Principles

Effective January 1, 2019, Senate Bill No. 1437 (Senate Bill 1437) narrowed liability for murder under the felony-murder rule and eliminated the natural and probable consequences doctrine.[4] (§§ 188, subd. (a)(3) & 189, subd. (e); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147. (*Anthony*).)

Senate Bill 1437 accomplished this by amending section 188, which defined malice, and section 189, which defined the degrees of murder, to ensure that murder liability was not imposed on a person who was not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1, subd. (f); *Anthony, supra*, 32 Cal.App.5th at p. 1148.)

Senate Bill 1437 also created section 1172.6, which provided a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) The process begins with filing a petition containing a declaration that all requirements for eligibility are met (§ 1172.6, subd. (b)(1)(A)), including that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)). After receiving a petition containing the required information, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*People v. Strong* (2022) 13 Cal.5th 698, 708, citing

---

[4] In October 2021, the Legislature passed Senate Bill No. 775 amending section 1172.6 to expand eligibility for resentencing to persons convicted of attempted murder under the natural and probable consequences doctrine, effective on January 1, 2022. (Stats. 2021, ch. 551 (2021-2022 Reg. Sess) § 1.)

§ 1172.6, subd. (c).)  If the petitioner makes a prima facie case showing that the petitioner is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing.  (§ 1172.6, subds. (c) & (d)(1); *Lewis*, at p. 962.)

## B.  Analysis

In determining whether a prima facie showing has been made, the trial court may rely upon the record of conviction.  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  However, "[w]hile the trial court may look at the record of conviction . . . to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited."  (*Ibid*.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at p. 972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)  "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' "  (*Lewis*, at p. 971; *Drayton*, at p. 978.)

Although a court should not reject a petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing (*Lewis*, *supra*, 11 Cal.5th at p. 971), the court need not credit factual assertions that are untrue as a matter of law (*Drayton*, *supra*, 47 Cal.App.5th at p. 980).  Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*Lewis*, at p. 971.)

6

"[T]his authority to make determinations without conducting an evidentiary hearing pursuant to section [1172.6], subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton, supra,* 47 Cal.App.5th at p. 980.) Facts preclusive of relief at the prima facie stage may include, for example, the absence of jury instructions on the felony murder theory or natural and probable consequences doctrine. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 236; see, e.g., *People v. Daniel* (2020) 57 Cal.App.5th 666, 670-671 [jury was not instructed on either felony murder or murder under the natural and probable consequences doctrine].) Conversely, the presence of certain jury instructions, in addition to the jury's verdict and findings upon specific enhancements may also conclusively establish the petitioner was convicted as the actual killer, without factfinding or weighing evidence. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 56 [concluding that the jury instructions and verdicts conclusively established the jury found that the defendant was the actual killer].)

Although the cases discussed *ante* detail how a trial court may use the record of conviction to determine that a petitioner has not made a prima facie case for relief, the matter before us is somewhat different. Below, in initially responding to Souvannavong's petition for resentencing, the prosecution filed a written response but baldly asserted, without citation to any portion of the record of conviction, that Souvannavong was the actual killer. Indeed, the prosecution purported to describe facts from Souvannavong's case without citation to the record of conviction:

> "In petitioner's murder, he was the actual killer. His
> defense at trial was that the stabbing was accidental. The

7

medical examiner's expert opinion was that it was not accidental. The trial court found the same, and convicted petitioner of second degree murder. On appeal, petitioner sought to have his conviction overturned by claiming his confession should have been suppressed. The Court of Appeal denied his appeal."

The prosecution did attach two exhibits to its initial response to Souvannavong's petition, but neither exhibit is helpful. Exhibit A consists of four versions of the abstract of judgment, an ex parte minute order directing the clerk to prepare a third amended abstract of judgment, an ex parte order upon remittitur, and the criminal minutes-pronouncement of judgment. Nothing in Exhibit A establishes that Souvannavong was the actual killer.

Exhibit B also is not instructive here. Exhibit B is a copy of our unpublished opinion in *People v. Souvannavong, supra,* D042456. Although the trial court may consider the procedural history of the case recited in that opinion (§ 1172.6, subd. (d)(3)), the court cannot base its denial of a petition under section 1172.6 on the factual recital of that opinion. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988.) Thus, the prosecution did not submit any portion of the record of conviction in its initial response to Souvannavong's petition that established Souvannavong was the actual killer as a matter of law.

Tellingly, in the respondent's brief, the People do not point to any portion of the record below that established Souvannavong was the actual killer. Instead, they ask this court to take judicial notice of the record on appeal in *People v. Souvannavong, supra,* D042456. Then the People highlight various portions of the record (e.g., transcripts of opening

8

statements and closing arguments as well as the trial court's discussion of the evidence) and argue that it is clear that Souvannavong stabbed the victim.

Under the unique circumstances before us, we decline to take judicial notice of the record on appeal in *People v. Souvannavong, supra*, D042456, which includes the reporter's transcripts from Souvannavong's trial. There is no indication that those transcripts were before the trial court below when it denied Souvannavong's petition at the prima facie stage. Moreover, at least in some respect, the People are asking us to review the transcripts and make certain inferences and findings. Those duties are encompassed in the fact finding function that is the province of the trial court at a section 1172.6, subdivision (d) evidentiary hearing. We therefore refrain from engaging in any such tasks on an appeal of an order denying a petition for resentencing under section 1172.6. Consequently, there is no justification for taking judicial notice as the People request.

In summary, the trial court denied Souvannavong's petition for resentencing at the prima facie stage, explaining that it had read the "pleadings" and determined the court record established that Souvannavong was the actual killer. We see nothing in the record before us that would allow the trial court to make such a finding as a matter of law, and the trial court did not identify what portion of the record of conviction supported its conclusion.[5] As such, the prudent course here is to remand this matter back

---

[5]  Souvannavong also contends the trial court improperly relied on the probation report to deny his petition at the prima facie stage. The People counter that there is no indication that the trial court relied on the probation report. We agree with the People that it does not appear that the trial court relied on the probation report to deny the petition.

to the superior court with instructions to issue an order to show cause and hold the appropriate evidentiary hearing.  (Cf. *Lewis, supra*, 11 Cal.5th at p. 971.)

## DISPOSITION

The order is reversed.  This matter is remanded to the superior court with instructions to issue an order to show cause and hold an evidentiary hearing.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.